Trinette G. Kent
Lemberg & Associates, LLC.
11811 North Tatum Blvd. Suite 3031
Phoenix, AZ 85028
Tel: (855) 301-2100 ext. 5533
Fax: (203) 653-3424
E-Mail: tkent@lemberglaw.com

Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Robert Stamm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Stamm,<br><br>          Plaintiff,<br><br>     vs.<br><br>Diversified Collection Services, Inc.; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Robert Stamm, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Robert Stamm (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Diversified Collection Services, Inc. (hereafter "Diversified"), is a company with an address of 333 North Canyons Parkway 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.   Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.   Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8.   The Plaintiff allegedly incurred a financial obligation in the approximate amount of $36,000.00 (the "Debt") to AES (the "Creditor").

9.   The Plaintiff allegedly cosigned a series of student loans on behalf of his former fiancé, Britt Hendrickson (hereafter "Hendrickson").

10.   Hendrickson was and is the primary debtor responsible for the alleged Debt.

11.   The alleged Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the alleged Debt.

12.   The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Diversified Engages in Harassment and Abusive Tactics**

13.   Within the last year, Diversified contacted Plaintiff in an attempt to collect the alleged Debt.

14.   Diversified placed as many as five calls a day to Plaintiff's cellular telephone in an attempt to collect the Debt.

15.   Plaintiff informed Diversified during a conversation on or about June 12, 2012, that Hendrickson was the primary debtor, and that he had cosigned for her student loans while they were still engaged.

16.   Diversified told Plaintiff that it was unable to contact Ms. Hendrickson regarding payment of the Debt and that Plaintiff was the only source of repayment.

17.   Diversified also told Plaintiff that it would take legal action against him unless he made a payment of $20,000.00 by the following day.

18.   Plaintiff informed Diversified that his sole assets consisted of a truck and a motor home that was left to him by his deceased mother.

19.   Plaintiff further explained that he was permanently disabled and simply did not have the money to pay the alleged Debt.

20.   Diversified further stated that it would obtain a judgment against Plaintiff and seize all of his assets and land in an attempt to collect the Debt.

21.   Plaintiff stated that he could possibly obtain some funds from his 401K or borrow funds, but that there was no possibility to pay within the 24-hour deadline.

22.   Nevertheless, Diversified told Plaintiff that he needed to pay $20,000 by 11:00 a.m. the following morning, June 13, 2012, in order to avoid legal action.

23.     Plaintiff made no payment the following day as demanded, yet Diversified did not initiate legal action as threatened on June 13, 2012.

24.     Diversified advised Plaintiff that it was unable to contact Hendrickson and that Plaintiff was responsible for the entire Debt. However, the initial letter sent by Diversified to Plaintiff on November 6, 2011, stated that the balance was $34,576.06. A subsequent letter to Plaintiff on June 14, 2012, stated the balance was $21,963.47. Upon information and belief, Diversified may have received partial payment of the Debt from Ms. Hendrickson, but deceived Plaintiff into believing that he was responsible for the entire Debt and that Hendrickson could not be located.

25.     On June 13, 2012, Plaintiff notified Diversified that he had retained legal representation and instructed it to cease calling him.

26.     Diversified called Plaintiff approximately two hours after being told that he had retained legal counsel.

27.     After Diversified knew that Plaintiff had retained legal counsel and knew that Plaintiff had asked for all phone calls to cease, Diversified continued to call Plaintiff for approximately one more month, until mid-July of 2012.

28.     After Diversified knew that Plaintiff had retained legal counsel, it proceeded to send him a letter dated June 14, 2012, in an attempt to collect the Debt.

29. The letter from Diversified on June 14, 2012 stated that Plaintiff had agreed to make a payment in the amount of $20,000 by June 27, 2012. Plaintiff had made no such agreement with Diversified.

C. **Plaintiff Suffered Actual Damages**

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

31. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

34. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

35. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

36. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

37. The Defendants misrepresented the character and amount of the debt, in violation of 15 U.S.C. § 1692e(2).

38. The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

39. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

40. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

41. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  August 8, 2012                         LEMBERG & ASSOCIATES, LLC


By: _/s/Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff
Robert Stamm